IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**DONALD KERNS**  **PLAINTIFF**
Reg # 27082-45

v.  Case No. 2:18-cv-00086-KGB-JTR

**BUREAU OF PRISONS,** *et al.*  **DEFENDANTS**

### ORDER

The Court has reviewed the recommended disposition submitted by United States Magistrate Judge J. Thomas Ray recommending that the Court grant defendant United States's motion for summary judgment (Dkt. No. 34). Plaintiff Donald Kerns filed objections to the recommended disposition (Dkt. Nos. 36; 37). After reviewing the recommended disposition and Mr. Kerns's objections, and after conducting a *de novo* review of the record, the Court adopts Judge Ray's recommended disposition in full as this Court's findings in all respects (Dkt. No. 34). The Court grants the United States's motion for summary judgment (Dkt. No. 19). The Court writes separately to address Mr. Kerns's objections.

**I.  Background**

Mr. Kerns filed a *pro se* complaint against several defendants, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, *et seq.*, alleging that he received negligent medical care while he was incarcerated in the Federal Correctional Institution located in Forrest City, Arkansas ("FCC Forrest City") (Dkt. No. 11, at 1-2). In a prior Order, the Court adopted the partial recommended disposition of Judge Ray; dismissed defendants Bureau of Prisons, Warden Gene Beasley, Nurse Practitioner Stiles, and Physician's Assistant Wingo; and permitted Mr. Kerns to proceed with his FTCA claim against the United States.

The United States filed a motion for summary judgment (Dkt. Nos. 19; 20; 21). In the motion, the United States argues that it is entitled to summary judgment entered in its favor because Mr. Kerns's claims for negligent medical care arise under the FTCA; Mr. Kerns has received medical care and treatment; and Mr. Kerns has no expert testimony to support his claim for medical negligence. The United States argues that, without expert testimony, Mr. Kerns cannot meet his burden to show that any medical care provider at FCC Forrest City breached the standard of care or proximately caused any alleged injury (Dkt. No. 21, at 1, 9-12).

Mr. Kerns responded to the motion (Dkt. Nos. 27; 29; 30). Mr. Kerns questioned some of the facts the United States asserted and argued in his response that expert testimony was not necessary because the "asserted negligence lies within a jury's comprehension as a matter of common, knowledge" (Dkt. Nos. 27; 30, ¶ 2). The United States replied to the response (Dkt. No. 28). The undisputed material facts relevant to Mr. Kerns's claims are fully set forth in Judge Ray's recommended disposition (Dkt. No. 34, ¶¶ 1-53).

The Court writes separately to address Mr. Kerns's objections. In his objections, Mr. Kerns claims that FCC Forrest City "failed to properly treat my broken clavicle by refuseing [sic] my follow-up for almost 3 (three) times the 'prescribed' follow-up date." He claims he "went to medical-sick-call over a dozen (12) times complaining my shoulder-clavicle was hurting worse not better I was total[l]y i[g]nored." (Dkt. No. 36, ¶ 2). Mr. Kerns objects that, had FCC Forrest City followed the specialist's orders, the specialist would have "caught the 'complication' much sooner and corrected it." (*Id.*). Mr. Kerns asserts that, from March 2019 until he was transferred from FCC Forrest City in January 2021, he did not receive care from an orthopedic specialist (*Id.*, ¶ 3).

In response to the United States's argument that Mr. Kerns has not come forward with expert testimony to support his claims, he states that "the truth is; I've had 5 broken ribs, 3 broken fingers, 2-bones in my foot, my wrist and now my clavicle, I know when a bone is healing properly or not." (*Id*., ¶ 4). Mr. Kerns asserts that the medical delays at FCC Forrest City have caused him "more damage," and, even if he could not "afford a[n] expert witness," he believes "a jury will see 'Forrest City Medical' gave me poor treatment." (*Id*., ¶ 6). Mr. Kerns also maintains that events and delays resulting from COVID-19 preventing him from obtaining a medical expert (Dkt. No. 37).

**II.     Analysis**

Mr. Kerns's objections do not break new ground (Dkt. No. 34). As to Mr. Kerns's complaints that he experienced delays in receiving medical care, Judge Ray finds that, while there was some delay in acquiring the bone stimulator suggested by Bret Sokoloff, M.D., the orthopedic specialist who treated Mr. Kerns, Mr. Kerns has not produced any evidence regarding the standard of care for how soon a bone stimulator must be used or how long the treatments should continue (Dkt. No. 34, at 23). Further, the undisputed evidence in the record indicates that the bone growth stimulator treatments were not successful in healing Mr. Kerns's fractured clavicle (*Id*.).

Mr. Kerns also objects to the length of time he went without a consultation with a specialist. The record indicates, however, that, when Dr. Sokoloff concluded that surgery to repair Mr. Kerns's fractured clavicle was too risky and would require referral to a traumatologist with thoracic surgery back-up, health services at FCC Forrest City followed Dr. Sokoloff's recommendation and arranged a consultation appointment for Mr. Kerns. The appointment was later rescheduled after Mr. Kerns tested positive for COVID-19 and was required to isolate (Dkt. No. 34, at 23-24).

Mr. Kerns claims that he knows, based on his prior experience with broken bones, whether a bone is healed and that a juror could see that FCC Forrest City gave him "poor treatment." (Dkt. No. 36, ¶ 6). As Judge Ray points out in his recommended disposition, the substantive law of the state of Arkansas applies, and, in Arkansas, a plaintiff must use "expert testimony" to prove the standard of care, a breach of the standard of care, and proximate causation (Dkt. No. 34, at 18). While there is a narrow "common knowledge" exception, it does not apply in this case where even Mr. Kerns's treating specialist Dr. Sokoloff changed his mind about performing surgery on Mr. Kerns given his "higher risk for neurovascular injury or thoracic complications." (Dkt. Nos. 20, ¶ 30; 34, at 20). Further, Mr. Kerns did not make arguments regarding his inability to obtain a medical expert during discovery or while the United States's motion for summary judgment was pending before he responded to it. He only recently raised such issues and only raised such issues after Judge Ray set forth the law in Arkansas. Based on the record before the Court, the Court cannot find that Mr. Kerns has met his burden of establishing medical negligence to proceed on his FTCA claims.

Upon a *de novo* review of the record, the Court finds that Mr. Kerns's objections fail to rebut Judge Ray's recommended disposition.

### III.   Conclusion

For these reasons, the Court adopts Judge Ray's recommended disposition in full as this Court's findings in all respects (Dkt. No. 34). The Court grants the United States's motion for summary judgment (Dkt. No. 19). The Court dismisses Mr. Kerns's claims with prejudice (Dkt. Nos. 1, 9). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order adopting the recommended disposition and the accompanying judgment would not be taken in good faith.

So ordered this 16th day of August, 2021.

_____
Kristine G. Baker
United States District Judge