**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**DONALD KERNS**                                                                            **PLAINTIFF**
**Reg # 27082-45**

**v.**                              **Case No. 2:18-cv-00086-KGB-JTR**

**BUREAU OF PRISONS, *et al.***                                              **DEFENDANTS**

<u>**ORDER**</u>

Before the Court are plaintiff Donald Kerns's motion to add recent medical exam and prescribed treatment, motion for reconsideration Rule 59(e), motion for reconsideration of Order of dismissal, and motion for correction of Clerk mistake on docket correction filed on September 27, 2021 (Dkt. Nos. 42, 44, 45, 46, 47). Because the Court adopted the Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray, granted defendant United States's motion for summary judgment, and entered a judgment, the Court construes all of Mr. Kerns's pending motions as filed pursuant to Federal Rule of Civil Procedure 59(e) and as motions to alter or amend the judgment. *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008).

**I.      Background**

Mr. Kerns filed a *pro se* complaint against several defendants, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, *et seq.*, alleging that he received negligent medical care while he was incarcerated in the Federal Correctional Institution located in Forrest City, Arkansas ("FCC Forrest City") (Dkt. No. 11, at 1-2). The Court adopted the Partial Recommended Disposition of Judge Ray; dismissed defendants Bureau of Prisons, Warden Gene Beasley, Nurse Practitioner Stiles, and Physician's Assistant Wingo; and permitted Mr. Kerns to proceed with his FTCA claim against the United States (Dkt. No. 17).

The United States filed a motion for summary judgment (Dkt. Nos. 19; 20; 21).  In the motion, the United States argued that it was entitled to summary judgment entered in its favor because Mr. Kerns's claims for negligent medical care arise under the FTCA; Mr. Kerns received medical care and treatment; and Mr. Kerns had no expert testimony to support his claim for medical negligence.  The United States argued that, without expert testimony, Mr. Kerns could not meet his burden to show that any medical care provider at FCC Forrest City breached the standard of care or proximately caused any alleged injury (Dkt. No. 21, at 1, 9-12).  Mr. Kerns responded to the motion (Dkt. Nos. 27; 29; 30).  Mr. Kerns questioned some of the facts the United States asserted and argued in his response that expert testimony was not necessary because the "asserted negligence lies within a jury's comprehension as a matter of common, knowledge" (Dkt. Nos. 27; 30, ¶ 2).  The United States replied to the response (Dkt. No. 28).

Judge Ray issued a Recommended Disposition recommending that this Court grant the United States's motion for summary judgment and dismiss with prejudice Mr. Kerns's FTCA claims (Dkt. No. 34, at 27).

Mr. Kerns objected to the Recommended Disposition asserting that, from March 2019 until he was transferred from FCC Forrest City in January 2021, he did not receive care from an orthopedic specialist (Dkt. Nos. 36, 37).  In response to the United States's argument that he had not come forward with expert testimony to support his claims, he stated that "the truth is; I've had 5 broken ribs, 3 broken fingers, 2-bones in my foot, my wrist and now my clavicle, I know when a bone is healing properly or not." (Dkt. No. 36, ¶ 4).  Mr. Kerns asserts that the medical delays at FCC Forrest City have caused him "more damage," and, even if he could not "afford a[n] expert witness," he believes "a jury will see 'Forrest City Medical' gave me poor treatment." (*Id*., ¶ 6).

Mr. Kerns also maintained that events and delays resulting from COVID-19 preventing him from obtaining a medical expert (Dkt. No. 37).

In an Order dated August 16, 2021, the Court addressed Mr. Kerns's objections but adopted the Recommended Disposition of Judge Ray, granted the United States's motion for summary judgment, and dismissed with prejudice Mr. Kerns's FTCA claims (Dkt. No. 39).

## II.     Timeliness Of The Motions To Alter Or Amend The Judgment

A motion to alter or amend the judgment must be served no later than 28 days after the entry of the judgment.  Fed. R. Civ. P. 59(e).  The Court entered its judgment in this case on August 16, 2021 (Dkt. No. 40).  The Clerk of the Court filed Mr. Kerns's motion to add recent medical exam and prescribed treatment on August 30, 2021, his motion for reconsideration Rule 59(e) on September 7, 2021, and his motion for reconsideration of Order of dismissal on September 13, 2021, all within the 28 day time limit after the entry of the judgment.

The Clerk of the Court filed Mr. Kerns's motion for correction of Clerk mistake on docket correction filed on September 27, 2021, outside of the 28 day time limit for filing a motion to alter or amend the judgment.  Accordingly, the Court denies Mr. Kerns's motion for correction of Clerk mistake on docket correction filed on September 27, 2021, as untimely.

## III.     Analysis

Rule 59(e) motions serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'"  *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).  "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.*  The rule permitting a court to alter or amend a judgment may not be used to relitigate old matters, and the

3

rule may not be used to raise arguments or present evidence that could have been raised prior to the entry of judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) (citing Fed. R. Civ. P. 59(e)).

In his motion to add new evidence, Mr. Kerns asserts that he was taken to an orthopedist on August 2, 2021, in Austin, Texas, Matthew T. Burrus, M.D., who diagnosed a "left midshaft nonunion fracture" and "recommended a midshaft clavicle ORIF [with] nonunion take down and bone marrow aspiration from the proximal humerus." (Dkt. No. 42, at 1). Mr. Kerns states that "[s]urgery is required if I want pain relief and full motion of my left arm." (*Id*., at 2).

In his motion for reconsideration Rule 59(e), Mr. Kerns asks the Court to reconsider its ruling granting defendant's motion for summary judgment due to three motions filed at the same time the Court ruled (Dkt. No. 44, at 1). Mr. Kerns does not state what are the three motions he would like for the Court to consider.

In his motion for reconsideration of Order of dismissal, Mr. Kerns states that Dr. Burrus did not offer an opinion regarding whether Mr. Kerns received proper medical care but argues that "his unequivocal recommendation of a surgical solution to Petitioner's problem certainly, in real-world terms, and given the economic and institutional restrictions faced by Petitioner as a confined prisoner, essentially fulfills the same purpose." (Dkt. No. 45, at 2). Even if the Court considers Mr. Kerns's new medical evidence, it does not cure the defect identified by Judge Ray in the Recommended Disposition. Mr. Kerns has not come forward with expert testimony as required under Arkansas law to prove the standard of care, breach of the standard of care, and proximate causation. Dr. Burrus's diagnosis and treatment plan for Mr. Kerns do not equate to an opinion about the standard of care, whether there was a breach of the standard of care by those who treated

Mr. Kerns while he was an inmate at FCC Forrest City, or whether any treatment Mr. Kerns received while an inmate at FCC Forrest City caused Mr. Kerns an injury.

Additionally, Mr. Kerns asserts a new legal argument.  Mr. Kerns argues, for the first time, that there is a conflict between Arkansas law's requirement that a plaintiff use "expert testimony" to prove the standard of care, a breach of the standard of care, and proximate causation and the Federal Rules of Civil Procedure (Dkt. No. 45, at 2-3).  Mr. Kerns maintains that, after the matter was briefed in this Court, the Fourth Circuit Court of Appeals issued its opinion in *Pledger v. Lynch* in which it found that West Virginia's pre-suit notice and certification requirement in medical negligence cases could not be reconciled with the requirements of the Federal Rules of Civil Procedure (*Id.*, at 2-3 (citing *Lorenzo M. Pledger, Sr. v. Lynch*, 5 F.4th 511 (2021)).  The excerpt from *Lynch* cited by Mr. Kerns, however, acknowledges that the Sixth Circuit Court of Appeals and Seventh Circuit Court of Appeals had held in 2019 that state certificate requirements conflict with the Federal Rules of Civil Procedure.  Consequently, this argument was available and could have been raised by Mr. Kerns when he responded to the United States's motion for summary judgment.  The Court cannot consider on a Rule 59(e) motion new legal theories which could have been offered prior to entry of judgment.  *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933. Accordingly, the Court denies Mr. Kerns's motions for reconsideration.

## IV.    Conclusion

For these reasons the Court denies Mr. Kerns's motion to add recent medical exam and prescribed treatment, motion for reconsideration Rule 59(e), motion for reconsideration of Order of dismissal, and motion for correction of Clerk mistake on docket correction filed on September 27, 2021 (Dkt. Nos. 42, 44, 45, 46, 47).

So ordered this 16th day of August, 2022.

Kristine G. Baker
United States District Judge